1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10    JOHN K. RABE,                          )
                                             )
11              Plaintiff(s),                )        No. C 05-3454 TEH (PR)
                                             )
12        v.                                 )        ORDER OF SERVICE
                                             )
13    BPH, et al.,                           )
                                             )
14              Defendant(s).                )
      _____   )
15

16          Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro

17    se complaint under 42 U.S.C. § 1983 alleging that he was denied due process at

18    his last Board of Parole Hearings ("BPH") hearing.  Among other things, plaintiff

19    alleges that his BPH attorney misrepresented him and that BPH gave him an

20    unlawful five year denial.  Plaintiff seeks a new BPH hearing.

21                              **DISCUSSION**

22    A.    Standard of Review

23          Federal courts must engage in a preliminary screening of cases in which

24    prisoners seek redress from a governmental entity or officer or employee of a

25    governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

26    claims or dismiss the complaint, or any portion of the complaint, if the complaint

27    "is frivolous, malicious, or fails to state a claim upon which relief may be

28    granted," or "seeks monetary relief from a defendant who is immune from such

relief." <u>Id.</u> § 1915A(b).  Pro se pleadings must be liberally construed, however.
<u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.      Legal Claims

The Supreme Court recently made clear that where an inmate challenges the constitutional validity of the hearing or procedures used to deny him parole eligibility and seeks injunctive relief in the form of an earlier parole eligibility hearing rather than earlier release, as is the case here, the claim is cognizable under § 1983.  <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242, 1248 (2005).  Plaintiff's due process claim accordingly will be served on BPH.  (All other named defendants are dismissed.)

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on BPH, 1515 K Street, Suite 600, Sacramento, California 95814.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and

shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, it shall so inform the court prior to the date its motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendant no later than 30 days after defendant serves plaintiff with the motion.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

3

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.     Defendant shall file a reply brief within 15 days of the date on which plaintiff serves it with the opposition.

        e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

     4.     All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

     5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: 01/18/06

THELTON E. HENDERSON
United States District Judge

4